2025R00453/MJM

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Hon. Jamel K. Semper

FILED
JUN 1 0 2025
AT 8:30 6:15 PM
CLERK, U.S. DISTRICT COURT - DNJ  JBL

UNITED STATES OF AMERICA

v.

LaMONICA McIVER

Crim. No. 25-388

18 U.S.C. § 111(a)(1)
18 U.S.C. § 2

# INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

## COUNT ONE
### (Assaulting, Resisting Impeding, and Interfering with a Federal Officer)

1. At all times relevant to Count One of this Indictment:

    a. Defendant LaMonica McIVER ("McIVER") was a sitting Congresswoman representing New Jersey's 10th Congressional District.

    b. The Delaney Hall Federal Immigration Facility ("Delaney Hall") was a federal immigration detention facility located in Newark, New Jersey.

    c. Immigration and Customs Enforcement ("ICE") used Delaney Hall for federal operations, including as a federal immigration detention facility.

    d. Victim-1 ("V-1") was a Homeland Security Investigations ("HSI") Special Agent engaged in the performance of his official duties.

2. On or about May 9, 2025, McIVER arrived at Delaney Hall allegedly to conduct a congressional oversight inspection.

3. The visit coincided with an immigration protest rally at Delaney Hall in the front (unsecured) area of the facility, just outside of the security gate for the facility.

4. When Delaney Hall's security gate opened momentarily to allow a vehicle to enter into the secured area of the facility, McIVER and two other members of Congress (collectively, the "Congressional Delegation") moved quickly inside to the secured area before the gate closed.

5. After the Congressional Delegation entered the secured area and proceeded to an interior reception area, the mayor of Newark ("Individual-1") and members of his security detail arrived in the unsecured area of Delaney Hall and Individual-1 indicated to a guard employed at the gate of facility that he was part of the Congressional Delegation's entourage. Individual-1 was denied entry.

6. Thereafter, Individual-1 and his security detail were allowed to enter into the secured area when the guard became concerned for Individual-1's safety amidst the crowd of protesters.

7. While both the Congressional Delegation and Individual-1 were within the secured area of Delaney Hall, V-1 approached Individual-1, told him that he could not enter without authorization, and ordered Individual-1 to leave the facility's secured area.

8. V-1 spent approximately five minutes repeatedly explaining that Delaney Hall was private property and ordering Individual-1 to leave the facility's secured area. V-1 also issued multiple warnings that Individual-1 would be arrested if he did not leave the secured area.

9. The Congressional Delegation overheard this conversation and challenged V-1, protesting Individual-1's removal. V-1 explained to them that members of Congress had lawful authority to be in the secured area of Delaney Hall, but that Individual-1 did not.

10. After numerous warnings to leave, and numerous warnings of potential arrest, V-1 announced that he was going to place Individual-1 under arrest. McIVER interjected, yelling "Hell, no! Hell, no!"

11. V-1 ordered Individual-1 to place his hands behind his back and displayed his handcuffs. McIVER and other Members of the Congressional Delegation surrounded Indiviudual-1 and prevented HSI officials from handcuffing Individual-1 and taking him into custody. McIVER initially remained inside the secured area of Delaney Hall as Individual-1 was escorted by his security detail outside the gate into the unsecured area of the facility.

12. While Individual-1 was in the unsecured area outside the gate, HSI agents again attempted to handcuff Individual-1. At that time, MCIVER hurried outside towards the agents and attempted to thwart the arrest as others yelled "circle the mayor." Once she arrived near Individual-1, MCIVER faced Individual-1 and placed her arms around him in an effort to prevent HSI from completing the arrest.

13. During her attempt to thwart the arrest of Individual-1, McIVER slammed her forearm into the body of V-1. McIVER also reached out and tried to restrain V-1 by forcibly grabbing him.

14. On or about May 9, 2025, in Essex County, in the District of New Jersey and elsewhere, the defendant,

**LaMONICA McIVER,**

did forcibly assault, resist, oppose, impede, intimidate, and interfere with a person designated in Title 18, United States Code, Section 1114, namely, V-1, while V-1 was engaged in and on account of the performance of his official duties, where such acts of the defendant involved physical contact with V-1.

In violation of Title 18, United States Code, Section 111(a)(1).

## COUNT TWO
### (Assaulting, Resisting, Impeding, and Interfering with a Federal Officer)

1.  The allegations set forth in paragraphs 1 through 12 of Count One of this Indictment are re-alleged and incorporated as set forth herein.

2.  At all times relevant to this Indictment, Victim-2 ("V-2") was an ICE Deportation Officer engaged in the performance of his official duties.

3.  Following the arrest of Individual-1, McIVER pushed past V-2 while using each of her forearms to forcibly strike V-2 as she returned inside of the secured area of Delaney Hall.

4.  On or about May 9, 2025, in Essex County, in the District of New Jersey and elsewhere, the defendant,

**LaMONICA McIVER,**

did forcibly assault, resist, oppose, impede, intimidate, and interfere with a person designated in Title 18, United States Code, Section 1114, namely, V-2, while V-2 was engaged in and on account of the performance of his official duties, where such acts of the defendant involved physical contact with V-2.

In violation of Title 18, United States Code, Section 111(a)(1).

## COUNT THREE
### (Assaulting, Resisting, Impeding, and Interfering with Federal Officers)

1. The allegations set forth in paragraphs 1 through 12 of Count One of this Indictment are re-alleged and incorporated as set forth herein.

2. On or about May 9, 2025, in Essex County, in the District of New Jersey and elsewhere, the defendant,

**LaMONICA McIVER,**

did forcibly assault, resist, oppose, impede, intimidate, and interfere with persons designated in Title 18, United States Code, Section 1114, namely, HSI Special Agents and ICE Deportation Officers while said Special Agents and Officers were engaged in and on account of the performance of their official duties.

In violation of Title 18, United States Code, Section 111(a)(1) and Section 2.

A TRUE BILL

*Alina Habba*
ALINA HABBA
United States Attorney

CASE NUMBER:  25-388

# United States District Court
# District of New Jersey

**UNITED STATES OF AMERICA**

v.

**LaMONICA McIVER**

## INDICTMENT FOR
**18 U.S.C. § 111(a)(1)**
**18 U.S.C. § 2**

ALINA HABBA
UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

MARK J. MCCARREN
ASSISTANT U.S. ATTORNEY
(973) 645-2700