# **EXHIBIT M**

Case 2:25-cr-00388-JKS    Document 19-15    Filed 08/15/25    Page 1 of 4 PageID: 106



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*   *(973) 645-2700*
*Newark, New Jersey  07102*

August 11, 2025

Paul J. Fishman, Esq.
Lee M. Cortes, Jr., Esq.
Arnold & Porter
One Gateway Center
Suite 1025
Newark, New Jersey  07102-5322

      Re:  <u>United States v. LaMonica McIver</u>

Dear Counsel:

      Please accept this letter in response to both the July 30, 2025 letter from Mr. Fishman and the August 6, 2025 letter of Mr. Cortes.  As you are aware, those letters sought additional materials in discovery beyond those previously disclosed by the Government.  Although the requests enumerated therein generally seek materials that reach beyond that which are mandated by Federal Rule of Criminal Procedure 16, this letter will voluntarily provide some of the requested materials for the convenience of counsel.  To the extent this letter does not provide the requested materials, it is the position of the Government that those materials do not fall within the ambit of Rule 16.

      Turning first to the August 6, 2025 letter of Mr. Cortes, the Government will provide the below listed time stamps for certain relevant body recordings in response to counsel's inquiry.  Specifically, counsel sought time stamps for the conduct covered by each of the counts of the Indictment.  Counts 1 and 2 require physical contact as part of the essential elements, and thus can be more narrowly focused in terms of the time of that element for each charge.  As to Count 1 (involving Victim 1), the Government would direct counsel to two episodes of alleged contact.  An example of the first contact can be located on the body camera footage labeled AG Axon Arrest at approximately the 1:44 to 1:48 mark.  An example of the second contact with Victim 1 can be located at approximately the 1:55 mark of the body camera footage labeled TA Axon Arrest.  As to Count 2 (involving Victim 2), an example of the relevant contact initiated by defendant McIver may be found on the body camera footage labeled TARC Axon Arrest at approximately the 0:52 to 0:54 mark.  Count 3, which does not require physical contact as an essential element, can be described generally as the alleged obstruction of the arrest of Mayor Baraka by defendant McIver.  An example of footage capturing this conduct may be found on the body camera footage labeled CD Axon Arrest at the 1:18:30 through 1:18:55 mark.

Turning to the July 30, 2025 letter of Mr. Fishman, the requests may be roughly divided into two categories: video footage and documents/communications. As to the former, although the Government does not believe the footage of the Representatives' tour of the Delaney Hall facility after the arrest of Mayor Baraka had taken place is relevant to the charges filed against Representative McIver, the Government will attempt to locate any such footage and provide it to defense counsel. As to the body camera footage, the Government has turned over all such footage in its possession. Counsel has also requested information regarding the identities and rank of any officers and agents present at the time of the arrest of Mayor Baraka. The Government intends to provide that information – along with identifying which of these individuals was equipped with a body camera on the date in question – upon the execution of a protective order that would limit the dissemination of this information to the members of the defense team only. In addition, if any dashboard camera footage exists from the vehicles enumerated in the July 30, 2025 letter which, unlikely though it may be, captures any material activity from May 9, 2025, the Government will provide that footage.

The rest of the materials sought in the July 30, 2025 letter, with one exception noted below, reach well beyond the requirements of Rule 16 discovery. It is notable that the letter makes no attempt to link those requests to Rule 16. Many of the items sought, including a wide array of Government internal communications and the basis for internal policies, intrude on basic work product and attorney-client privilege principles. Other materials, such as those relating to the GEO Group, are not in the Government's possession even if they could be deemed relevant to the prosecution. (The overhead video surveillance which has been provided to counsel was turned over by personnel at Delaney Hall to DHS on or about May 9, 2025.)

The only attempt to link these requests to Rule 16 appears to be the suggestion that *Brady* requires the Government to turn over any statements regarding the lack of harm, injury or fear on the part of Government employees on the scene on May 9, 2025. While the Government is cognizant of its ongoing *Brady* obligations, it is puzzled by this request because the causation of physical harm and/or injury or the inducement of fear is not an essential element of the violations charged in the Indictment.

Accordingly, the Government believes that it has fulfilled its obligations under Rule 16, and, with the materials that it has voluntarily agreed to provide, gone beyond that which it is required to produce. If defendant believes that she is entitled under Rule 16 or otherwise to the materials set forth in the letters dated July 30, 2025 and August 6, 2025, she may of course file motions seeking to compel their production.

        Very truly yours,

        TODD W. BLANCHE
        UNITED STATES DEPUTY ATTORNEY GENERAL

        ALINA HABBA
        ACTING UNITED STATES ATTORNEY
        SPECIAL ATTORNEY

        s/Mark J. McCarren

        By: MARK J. MCCARREN
        Assistant U.S. Attorney