UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       v.<br><br>LaMONICA McIVER. | Hon. Jamel K. Semper<br><br>Crim. No. 2:25-cr-00388-JKS |

**CONGRESSWOMAN LaMONICA McIVER'S UNOPPOSED
MOTION TO EXTEND HER TIME TO FILE A NOTICE OF APPEAL**

Congresswoman LaMonica McIver moves pursuant to Federal Rule of Appellate Procedure 4(b)(4) for an order extending by 30 days her time to file any notice of appeal from the Court's November 13, 2025, order. Congresswoman McIver submits that there is good cause for such an extension, and requests that the Court enter the accompanying order granting her application prior to November 28, which is presumptively the current deadline for Congresswoman McIver to file a notice of appeal of the Court's November 13 order.

1. On August 15, 2025, Congresswoman McIver moved to dismiss all three charges in the indictment, including on the basis of legislative immunity, as well as other grounds. ECF Nos. 19, 20. After full briefing, the Court held a hearing on the motions on October 21, 2025, and reserved its rulings. ECF No. 37.

2. On November 13, 2025, the Court issued an opinion and an order regarding Congresswoman McIver's motions to dismiss. Among other rulings, the Court denied the motion to dismiss on the basis of legislative immunity as to Counts One and Three, but reserved judgment on Count Two. ECF Nos. 44, 45. The Court also ordered an in-person status conference to discuss Count Two and other matters.

3. On November 17, 2025, the Court held that status conference and directed the parties to provide supplemental briefing on the interplay between Pub. Law No. 118-47, § 527,

1

138 Stat. 460 (2024), "and the alleged charged conduct in Count Two as the defendant was trying to enter into the facility." Hr'g Tr. 17:8-13. The Court set a deadline of December 9, 2025, for those supplemental submissions. *Id.* at 20:3-17.

4. The Court also acknowledged that Congresswoman McIver likely would appeal its November 13, 2025, decision, and the Court expressed its preference for the Court of Appeals to review its decisions together, rather than "piecemeal." *Id.* at 17:14-19, 20:13-17.

5. A notice of appeal of the Court's November 13, 2025, order (assuming it qualifies as a final order) would presumptively be due November 28, *see* Fed. R. App. Proc. 4(b)(1), 26(a)(1)(C)—that is, before the December 9 deadline for the filing of supplemental briefs and the Court's resolution of remaining issues related to Count 2.

6. The government represented at the November 17 status conference that it would not object to Congresswoman McIver's filing her notice of appeal after the ordinary 14-day deadline "based on some technicality regarding the finality of the original order." Hr'g Tr. 22:4-7. Nevertheless, out of an abundance of caution, Congresswoman McIver requests that the Court enter the attached order formally extending the deadline for her to appeal the Court's November 13 order until December 29, 2025. That extension, which conforms with the provisions of Fed. R. App. 4(b)(4), will facilitate the Court's and parties' interest in presenting the issues to the Third Circuit efficiently in a single appeal with a single briefing schedule, regardless of the Court's ruling with respect to Count Two.

7. Without that extension, Congresswoman McIver would instead be forced to file a protective notice of appeal by the existing deadline of November 28 to ensure the preservation of her appellate rights as to the November 13 order. That course of action would likely complicate

2

matters in the Third Circuit, given the likely need for additional filings or correspondence to ensure that all relevant briefing schedules are aligned.

8. Accordingly, Congresswoman McIver submits that there is good cause for the Court to enter an order—prior to the November 28 deadline—pursuant to Federal Rule of Appellate Procedure 4(b)(4) extending her time to file a notice of appeal from the November 13, 2025, order by 30 days. If the Court grants the requested extension, the deadline for appeal of the Court's November 13 order as calculated under Rule 4(b) would be December 29, 2025.

9. The government does not oppose this request, which if granted would not prevent the government from seeking dismissal on jurisdictional grounds of any portion of Congresswoman McIver's contemplated appeal that does not fall within the collateral order doctrine.

Dated: November 21, 2025

ARNOLD & PORTER KAYE SCHOLER LLP

By: _____
Lee M. Cortes, Jr.
Paul J. Fishman
One Gateway Center | Suite 1025
Newark, NJ 07102
Telephone: 973-776-1901
Lee.Cortes@arnoldporter.com
Paul.Fishman@arnoldporter.com

Counsel for Congresswoman LaMonica McIver

3